IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § | Civil No.: 3-16-CV-0172L |
| | § | |
| KENNETH W. CRUMBLEY, JR. and SEDONA OIL & GAS CORPORATION, | § § § § | |
| Defendants. | § | |

### RECEIVER'S NINTH QUARTERLY FEE APPLICATION

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Receiver Becky McGee ("Receiver") submits this Ninth Quarterly Fee Application, respectfully stating:

### INTRODUCTION

1. This Application is tendered pursuant to the procedures established in the Order Appointing Receiver (Dkt. 14 at pgs. 19-20, ¶¶ 41-44).

2. The Receiver, in taking this appointment, agreed to be subject to these procedures, as well as to certain Billing Instructions. Consistent with the appointment order and those instructions, the Receiver has previously tendered this Application for review by the Securities and Exchange Commission ("Commission"), and has addressed any concerns raised by the Commission prior to the filing of this Application.

3. The procedures also provide that all Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. The procedures further provide that the Court may direct that the Receiver hold back 20% of the amounts set forth in this Application pending a final application submitted at the end of the case.

## PERIOD COVERED BY APPLICATION

4. This Application seeks the Court's approval of the invoices received by the Receiver from professionals retained by her for the time period of December 1, 2017 through March 31, 2018 (the "past Quarter").[1]

## STATUS OF RECEIVERSHIP

5. On April 9, 2018 the Receiver filed her Motion to Approve Plan of Distribution, and to Terminate the Receivership and Discharge the Receiver (the "Motion") [Docket #69], attached hereto as Exhibit "A."

6. As set forth in the Motion, the Receiver has proposed her plan of distribution to certain claimants. Further, the Motion details the Receiver's efforts to sell or otherwise dispose of the oil and gas and real property assets of the Receivership.

7. The Motion describes further efforts by the Receiver to marshal the assets of the Receivership and to resolve creditors' claims.

8. Finally, the Motion describes the payment of professional fees and generally describes the Ninth Quarterly Fee Application amounts.

9. The Motion is set for hearing on June 1, 2018 at 9:30 a.m.

## AMOUNT REQUESTED

10. For the reasons set forth in the Motion (Exhibit "A"), the Receiver believes that the efforts reflected in these expenses were undertaken in the best interest of the Receivership Estate. As described in the Motion, the Receiver is submitting this Ninth Quarterly Fee Application without proposing a holdback as the Receiver anticipates that this amount will be

---

[1] As set forth in the Motion, the Receiver's professionals are submitting this Fee Application for the period December 1, 2017 through March 31, 2018. The Standardized Fund Account Report ("SFAR"), attached hereto as Exhibit "B", is as of March 31, 2018.

taken up at the June 1, 2018 hearing. The amount sought herein is $123,892.00 in fees and $124.02 in expenses for a total of $124,016.02.

11. The Receiver further requests approval of the entire amount as reasonable and necessary and subject accordingly to payment as the assets and the anticipated recoveries may allow and the Court may direct. The entire amount is $124,016.02, as shown on the following chart and more specifically in Exhibit "C" hereto:

| Firm | Invoice Thru | Fees | Expenses | Totals |
| --- | --- | --- | --- | --- |
| Munsch Hardt | March 31, 2018 | $17,070.00 | $99.86 | $17,169.86 |
| Becky McGee | March 31, 2018 | $49,170.00 | -0- | $49,170.00 |
| Litzler Segner | March 31, 2018 | $57,652.00 | $24.16 | $57,676.16 |
|  |  | $123,892.00 | $124.02 | $124,016.02 |

## SUMMARY OF WORK PERFORMED

12. The invoices attached in Exhibit "C" have time detail entries that are consistent with the Billing Instructions, and which accordingly provide the rates charged, the time spent, a description by entry of the work performed, and also classifies the work according to certain task codes.

13. The primary focus of the Receiver during the period covered by this report has been to, as set out in the Motion, conclude the disposition of oil and gas and real property assets, compile and analyze claims, negotiate or otherwise dispose of creditor claims and to file the Motion.

14. The Receiver has consolidated all cash in an account opened for the Receivership at Union Bank. The balance as of March 31, 2018 was $997,437.40.

15. The Receiver sent claim forms to approximately seven hundred (700) investors and/or creditors, whose names and contact information were extracted from the Defendants' oil and gas software, known as Roughneck. Approximately one hundred eighty (180) of these

forms have been returned as of the end of this reporting period. The Receiver filed her proposed Plan of Distribution on April 9, 2018.

## APPLICATION OF JOHNSON FACTORS

16. The primary concern in an attorney's fee case is that the fee awarded be reasonable. *Blum v. Stenson*, 465 U.S. 886, 893 (1984). In this Circuit, the applicable test is set forth in *Johnson v. Georgia Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Under that test, a court must first determine the loadstar amount by multiplying the reasonable number of hours billed by a reasonable billing rate. That amount can then be adjusted by various factors.

17. The following reviews this Application with regard to each of the Johnson factors:

(a) <u>The time and labor required</u>. The time and labor required are set forth in detail in the statements contained in Exhibit "B." The Receiver invites the Court to review those statements in detail. Further, the invoices are summarized above.

(b) <u>The novelty and difficulty of the questions</u>. The questions addressed by the professionals herein are common to enforcement receiverships generally, although the employee healthcare and Texas Workforce Commission issues were unique. The level of difficulty of the issues was such that many of them required the attention of a more senior professional.

(c) <u>The requisite skill to perform the service</u>. The Receiver believes that the services performed in this case have required individuals possessing considerable experience in business transactions, investment fraud, oil and gas business and funds tracing. The Receiver, her counsel, and her accountant have considerable experience in these areas.

(d) <u>The preclusion of other employment due to the acceptance of the case</u>. The Receiver and her professionals have not declined any representation solely because of their services as Receiver and counsel for the Receiver.

(e) <u>The customary fee</u>. The hourly rates sought herein are at least commensurate with the rates charged by other practitioners of similar experience levels in the Northern District of Texas and in the case of the Receiver and her professionals. With regard to her counsel, the rates represent a thirty-seven percent reduction from their standard rates, which was agreed to at the request of the Commission, and approved without objection by this Court at the genesis of this case.

(f) <u>Whether the fee is fixed or contingent</u>. The Receiver and her professionals' fees are fixed insofar as monies exist by way of receivership assets from which to pay such fees. Payment of such fees, however, is subject to Court approval, and is contingent upon the availability of receivership assets, as evidenced by the holdback suggested by the Receiver.

(g) <u>Time limitations imposed by the Client or other circumstances</u>. The time requirements during the period covered by this Application have been substantial, although in most respects they have decreased from the emergent nature of the first few weeks of the receivership.

(h) <u>The amount involved and the results obtained</u>. The amount involved in this case can be measured in a number of ways. Obviously, there were six investment offerings worth approximately $3.3 million having been raised referenced in the SEC's Complaint, which has impacted approximately 55 investors, numerous creditors, and other parties. However, the Receiver was appointed over <u>all</u> the assets of Sedona Oil & Gas Corporation and Kenneth W. Crumbley, Jr., in addition to assets of CTX. This has required the Receiver to deal with all of the oil and gas properties set forth in the Motion, and the sale of a residential property. It has also required the Receiver to contact and evaluate the claims submitted by all investors, in addition to the 55 referenced in the SEC's Complaint.

(i)     <u>The experience, reputation and ability of the attorneys</u>.  Munsch Hardt is a broad-based commercial firm with substantial experience in the handling of matters generally related to civil trial law, dispute resolution, bankruptcy and general workout matters. The practice of the attorneys specifically in this case regularly includes the representation of investors and other persons involved in business transactions in which the investors or other parties are victims or aggrieved in some fashion.  Receiver and her counsel have also participated in other large enforcement receiverships. The reputations of the Receiver and her counsel are recognized and respected in their community and area of practice.

(j)     <u>The undesirability of the case</u>.   The service as Receiver and the representation of the Receiver incident to this case has not been undesirable.

(k)     <u>The nature and length of the professional relationship with the client</u>. This is not a factor with regard to this engagement.

(l)     <u>Award in similar cases</u>.  The Receiver submits that the fees requested in this case are commensurate with awards approved in comparable cases in this district.

## CERTIFICATION

As required by the Order Appointing Receiver, the undersigned hereby certifies that the fees and expenses incurred herein and reflected on this Application were incurred in the best interests of the Receivership Estate; and (with the exception of the Billing Instructions agreed to with the Commission) the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation to be paid or to be paid from the Receivership Estate, or any sharing thereof.  Additionally, as required by the Billing Instructions, the undersigned hereby additionally certifies that she has read this Application, that to the best of her knowledge, information and belief formed after a reasonable inquiry, the Application and all fees and expenses herein are true and accurate and comply with

the Billing Instructions, that all fees contained in the Application are based on the rates listed in the Applicant's original fee schedule and such fees are reasonable, necessary and commensurate with the skill and experience required for the activity performed, that she has not included in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay (except to the extent such may exist in the permitted allowable amounts set forth in the Billing Instructions with regard to photocopies), and in seeking reimbursement for a service which was justifiably purchased or contracted for a professional from a third party, she requests reimbursement only for the amount billed by and paid to the vendor and she is not making a profit on any reimbursable services provided by her.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, the Receiver requests that this Court approve all of the fees and expenses as set forth herein and for such other and further relief, general and special, at law or in equity, to which the Receiver may be justly entitled.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 North Akard Street
Dallas, TX 75201-6659
(214) 740-5108
(214) 855-7584 (facsimile)
droossien@munsch.com

By: */s/ James M. McGee*
Dennis L. Roossien, Jr.
Bar No. 00784873
James M. McGee
Bar No. 13613220

ATTORNEYS FOR BECKY MCGEE,
COURT APPOINTED RECEIVER

## CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of April, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

                                                               */s/ James M. McGee*
                                                               James M. McGee