IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No.: 3-16-CV-0172L |
| KENNETH W. CRUMBLEY, JR. and SEDONA OIL & GAS CORPORATION, | § § § § | |
| Defendants. | § | |

## RECEIVER'S FINAL REPORT AND ACCOUNTING; FINAL FEE APPLICATION; AND MOTION FOR DISCHARGE

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Receiver Becky McGee ("Receiver"), files this her Final Report and seeks a discharge, respectfully stating:

1. On July 6, 2018, this Court entered its Order Approving Receiver's Motion to (1) Approve Plan of Distribution; and (2) Terminate the Receivership and Discharge the Receiver ("Order") (Doc. #80).

2. In the Order, the Receiver was authorized to make pro rata payments from the remaining Receivership Assets to the investors listed in Classifications No. 1 and 2 as set forth in her Motion and Supplemental Claims Register.

3. On or before July 31, 2018, the Receiver distributed $534,705.04 to the investors listed in Classifications No. 1 and 2.

4. The Receiver has been in contact with the Securities and Exchange Commission ("Commission") who have requested that the Receiver retain certain Sedona Oil & Gas books and records pending its final resolution with Defendant Crumbley. The Commission has

estimated this may take until December 31, 2018. The Receiver has retained sufficient funds to pay for the storage of these records with LSS&M until that time.

5. On or about July 31, 2018, the Receiver terminated the office lease for Sedona Oil & Gas effective August 31, 2018. On or about September 1, 2018, the Receiver relocated all of the Sedona Oil & Gas books and records to the records storage facility of LSS&M, the Receivership's accountants.

6. On or about June 11, 2018 and as amended on or about July 26, 2018, the Receiver was notified by the Texas Railroad Commission of required corrective actions based on its June 6, 2018 inspection of the surface acreage of one of the six inactive wells that the Receiver will, upon entry of this Order and discharge, revert to post-receivership Sedona Oil & Gas Corporation. The Receiver expended approximately $11,926.76 in completing all phases of the Texas Railroad Commission's requirements.

7. Currently, the Receiver is attempting to contact several investors who have yet to negotiate the checks which represent their distribution, and anticipates the final negotiation of these checks should be no later than November 30, 2018. Also, the Receiver is working to determine the correct allocation between the parties as to certain revenues and expenses attributable to one of the transferred assets. Any amount to be received or paid by the Receivership Estate is expected to be determined prior to November 30, 2018.

8. In conjunction herewith, the Receiver and her professionals are filing their final fee application. As set forth in the Motion (Doc. #69), the Receiver reserved $50,000.00 for additional fees and expenses from March 31, 2018 through May 31, 2018. The attached schedules reflect total fees and expenses incurred by the Receiver and her professionals of $42,105.64 for that time period [Ex. A].

9. The Motion also requested authority, which was granted in the Order, for the Receiver to reserve $25,000.00 for final fees and expenses incurred in wrapping up all anticipated remaining obligations of the Receivership. The attached schedules evidence professional fees and expenses incurred by the Receiver and her professionals from June 1 through August 31, 2018 of $34,457.23 [Ex. A].

10. The increase in the professional fees expended in the period from June through August 2018 and the additional required expenditures above the original estimate are a result of several factors. These include, without limitation, the extra time and additional expenditures involved in satisfying the Texas Railroad Commission's more extensive requirements after identification of the actual larger volume of accumulated water on the surface acreage and the underlying pre-Receivership lack of performance of required surface restoration approximately 17 years ago. Additionally, the need to preserve records for future use and retrieval by the Commission through at least year end gave rise to additional time and costs for boxing and moving all records for preservation storage and future retrieval, including labeling and indexing of 200 boxes of records. Also, continuation of the Receivership beyond the liability insurance expiration date of September 21, 2018 required additional time and expense to identify and secure continuation of liability insurance coverage for the remaining six inactive properties.

11. The Receiver and her professionals request that the Court enter an order authorizing the payment of these fees and expenses.

12. As set forth in the Court's Order entered July 6, 2018 [Dkt. #80], all of Sedona's remaining assets, including the six inactive wells, described on page 13 of the Motion [Dkt. #69], along with all of Sedona's remaining assets and liabilities, are abandoned and remain the property, or liability, of post-receivership Sedona, as approved in the Order. In connection herewith, the Commission has no objection to the Receiver delivering the documents and

information related to the six inactive wells to post-receivership Sedona or its authorized representatives.

13.     The remaining obligations of the Receiver relate to certain ministerial duties that are a result of the Commission's request that the Receiver retain the books and records of Sedona Oil & Gas in storage until it resolves its final action with Defendant Crumbley.  This will involve the Receiver paying storage fees through at least December 31, 2018, and possibly beyond.  Additionally, the destruction of personal and confidential information in most of those records, which the Court approved in the Order, will be delayed until the Commission advises the Receiver it has no further need for these records.  Consequently, the Receiver requests authority to retain sufficient funds for the payment of storage and the ultimate destruction costs of the records.

14.     In connection with these remaining ministerial duties, the Receiver prays that she retain nominal authority pending the completion of these ministerial duties, but that she be relieved of any further administrative responsibilities since, following the Court's determination on the Final Fee Application, the Receiver will carry out the terms of that Order and forward any excess funds beyond the administrative reserve to the Commission, or whoever it shall designate, as previously approved by this Court in the Order, leaving no funds in the Receivership Estate. Accordingly, the Receiver requests that she be released from the paragraphs of the original Receivership Order regarding court reporting provisions.

15.     Attached hereto is the SFAR for the period January 21, 2016 through August 31, 2018 [Ex. B].  It reflects all of the receipts and expenditures during the Receivership, including without limitation, payment of the fees and expenses approved by the Order, payment of the distribution to investors approved by the Order, and reflects the August 31, 2018 balance in the Receivership of $111,631.88.  After all subsequent checks clear, the balance will be $98,214.58.

After approval of the fees and expenses requested herein, the Receivership would have a remaining cash balance of $21,657.71.

16. Should, based upon the Commission's resolution of its complaint against Defendant Crumbley, there be sufficient funds such that the Receiver believes a secondary distribution would be economically viable, the Receiver requests that this Court grant her authority to make a secondary distribution to the same investors identified in Classifications No. 1 and 2 as were previously approved in the Order, on the same pro rata basis.

## CONCLUSION

17. The Receiver hereby requests that she be provisionally discharged as requested herein.

Respectfully submitted,

**MUNSCH HARDT KOPF & HARR, P.C.**
500 North Akard Street, Suite 3800
Dallas, TX 75201-6659
(214) 740-5108
(214) 855-7584 (facsimile)
droossien@munsch.com
jmcgee@munsch.com

By: */s/ James J. McGee*
Dennis L. Roossien, Jr., Bar No. 00784873
James M. McGee, Bar No. 13613220

COUNSEL FOR RECEIVER

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of October, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means. Additionally, a copy of this document will be added to the Receiver's website.

*/s/ James M. McGee*
James M. McGee