IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | Civil Action No. **3:16-cv-0172-L** |
| KENNETH W. CRUMBLEY, JR., and SEDONA OIL & GAS CORPORATION, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff Securities and Exchange Commission's ("SEC") Motion for Remedies and for Entry of Final Judgment as to Defendant Kenneth W. Crumbley, Jr. ("SEC's Motion") (Doc. 87), filed on November 5, 2021. After careful consideration, the court **grants** the SEC's Motion, *except with respect to the amount of prejudgment interest requested.*

I.  **Factual and Procedural Background**

The SEC brought this civil enforcement action against Defendants Kenneth W. Crumbley, Jr. ("Mr. Crumbley") and Sedona Oil & Gas Corporation alleging that they engaged in a three-year scheme that defrauded investors out of more than $3.3 million. Mr. Crumbley reached a settlement agreement with the SEC, and it then filed an unopposed motion seeking the entry of judgment against Mr. Crumbley. Doc. 81. The court granted the unopposed motion and entered a judgment against Mr. Crumbley on September 13, 2018. The Judgment (Doc. 83) ordered, adjudged, and decreed that:

> [Mr. Crumbley] shall pay disgorgement of ill-gotten gains, prejudgment interest thereon, and a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. §

> 78u(d)(3)]. The [c]ourt shall determine the amounts of the disgorgement and civil penalty upon motion of the Commission. Prejudgment interest shall be calculated from January 21, 2016, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).

Doc. 83 at 5.

The SEC's Motion seeks the entry of a final judgment against Mr. Crumbley, including disgorgement in the amount of $118,955.36; calculated prejudgment interest totaling $18,009.77; and a third-tier civil penalty of $160,000. *See* Doc. 87. The SEC's Motion does not provide the court with notice regarding whether the relief sought is unopposed by Mr. Crumbley; however, Mr. Crumbley did not respond or otherwise oppose the SEC's Motion. For the reasons that follow, the court **grants** the SEC's Motion, *except with respect to the amount of prejudgment interest requested*. The court determines that an order of disgorgement and prejudgment interest, *as modified by the court*, against Mr. Crumbley, together with a third-tier penalty in the amount urged, is appropriate because Mr. Crumbley admittedly violated the federal securities laws, he has consented to the imposition of a civil penalty in an amount to be determined by this court, and the facts of this case are particularly egregious and support the penalty amounts requested by the SEC.

## II. Analysis

### A. Disgorgement

The SEC seeks to recover disgorgement of funds for purposes of returning those funds to investors who lost significant sums of money when they invested in Mr. Crumbley's fraudulent scheme. "Disgorgement wrests ill-gotten gains from the hands of a wrongdoer. It is an equitable remedy meant to prevent the wrongdoer from enriching himself by his wrongs." *SEC v. Huffman*, 996 F.2d 800, 802 (5th Cir. 1993) (internal citations omitted). Disgorgement also serves to deter future violations of the law. *SEC v. Seghers*, 298 F. App'x 319, 336 (5th Cir. 2008). The SEC is

authorized to seek, and the court is authorized to order, disgorgement "that does not exceed a wrongdoer's net profits and is awarded for victims." *Liu v. SEC*, 140 S. Ct. 1936, 1940 (2020); *Allstate Ins. Co. v. Receivable Fin. Co., L.L.C.*, 501 F.3d 398, 413 (5th Cir. 2007) (explaining that, "[b]ecause disgorgement is meant to be remedial and not punitive, it is limited to 'property causally related to the wrongdoing' at issue") (citation omitted).

"District courts have broad discretion in calculating the amount to be disgorged. *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 73 (5th Cir. 1993). The party seeking disgorgement has the burden of "distinguishing between that which has been legally and illegally obtained." *Receivable Fin. Co.*, 501 F.3d at 413 (citing *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1231 (D.C. Cir. 1989)). In actions by the SEC involving securities violations, however, "disgorgement need only be a reasonable approximation of profits causally connected to the violation." *Id*. Any "risk of uncertainty [in calculating disgorgement] should fall on the wrongdoer whose illegal conduct created that uncertainty." *First City Fin. Corp.*, 890 F.2d at 1232.

The SEC argues for a total disgorgement of $118,955.36 against Mr. Crumbley. In support, the SEC relies on a declaration from Receiver Becky McGee that stated her investigation revealed Mr. Crumbley "personally received, at a minimum, $118,955.36 from investor funds and investor-related funds during the [relevant time period.]" Doc. 87-1 at 3.

The court determines that the disgorgement amount is a reasonable approximation of Mr. Crumbley's ill-gotten net profits and satisfies the criteria set forth in *Liu*. Based on the bank records and other records that the SEC obtained during its investigation, Mr. Crumbley raised approximately $3.3 million from at least 55 investors during the three-year period leading up to the filing of the Complaint on January 21, 2016. The total disgorgement amount sought, however, is limited to the proceeds received by Mr. Crumbley from the fraud scheme, minus "any funds

**Memorandum Opinion and Order – Page 3**

recovered by the Receiver from Mr. Crumbley, his wife, or any of his affiliated entities to the Receivership estate." *Id.* Moreover, Mr. Crumbley failed to file a response contesting the SEC's Motion and disgorgement calculation. The court, therefore, **concludes** that a total disgorgement amount of $118,955.36 is an appropriate amount of disgorgement that is to be disgorged by Mr. Crumbley.

### B. Prejudgment Interest

Courts may add prejudgment interest to a disgorgement amount to prevent defendants from benefiting from the use of ill-gotten gains interest-free. *See SEC v. Blatt*, 583 F.2d 1325, 1335 (5th Cir. 1978) ("The court's power to order disgorgement extends only to the amount *with interest* by which the defendant profited from his wrongdoing.") (emphasis added); *SEC v. Gunn*, No. 3:08-CV-1013-G, 2010 WL 3359465, at *2 (N.D. Tex. Aug. 25, 2010) (citing *SEC v. Sargent*, 329 F.3d 34, 40-41 (1st Cir. 2003)). The decision to award prejudgment interest is a matter of the district court's discretion. *See United Energy Partners, Inc.*, 88 F. App'x at 747 (reviewing a district court's award of prejudgment interest on a disgorgement amount for abuse of discretion). In federal securities cases, courts generally calculate prejudgment interest by applying the interest rate used by the Internal Revenue Service ("IRS") for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). *SEC v. First Jersey Secs., Inc.*, 101 F.3d 1450, 1476 (2d Cir. 1996) (approving application of IRS underpayment rate for calculating prejudgment interest on amounts disgorged due to securities violations). This rate of interest "reflects what it would have cost to borrow the money from the government and therefore reasonably approximates one of the benefits the defendant derived from its fraud." *Id.*

The SEC requests prejudgment interest totaling $18,009.77 to be paid by Mr. Crumbley. For support, the SEC attached an exhibit that calculates the prejudgment interest on $118,935.36[1] from October 2014 through July 2018. The court, however, has previously ordered in the Judgment against Mr. Crumbley that "prejudgment interest shall be calculated from January 21, 2016, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2)." Doc. 83 at 5. Accordingly, the court will apply prejudgment interest in the total amount of $13,035.69, which is calculated from January 21, 2016 to July 31, 2018.

### C. Civil Penalty

Finally, the SEC contends that imposition of an additional third-tier civil penalty under section 20(d) of the Securities Act and section 21(d)(3) of the Exchange Act in the amount of $160,000 is warranted in this case. The court agrees.

Under Section 20(d)(2)(A) of the Securities Act and Section 21(d)(3)(B) of the Exchange Act, the amount of any civil penalty "shall be determined by the court in light of the facts and circumstances." 15 U.S.C. §§ 77t(d), 78u(d)(3). These statutes set out a three-tier penalty structure that provides increasing penalty amounts based on the severity and egregiousness of the defendant's conduct and securities law violations. *See* 15 U.S.C. §§ 77t(d), 78u(d)(3), and 17 C.F.R. 201.1001; *SEC v. Blackwell*, No. 3:11-CV-234-L, 2012 WL 13564, at *4 (N.D. Tex. Jan. 4, 2012).

A first-tier penalty can be imposed for any violation of the Securities Act or Exchange Act without any evidence of scienter. *SEC v. Reynolds*, No. 3:08-CV-438-B, 2013 WL 3479825, at *4

---

[1] It is unclear to the court why the SEC calculated prejudgment interest on $118,935.36 rather than the amount of disgorgement being sought, which is $118,955.36. The court will use the principal amount of $118,955.36 for its calculation of prejudgment interest.

(N.D. Tex. July 11, 2013). A second-tier penalty can be imposed upon a showing that that the violation "involved fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." 15 U.S.C. §§ 77t(d), 78u(d)(3). Finally, a third-tier penalty is appropriate when, in addition to the showing of fraud, the violation "directly or indirectly resulted in substantial losses to other persons." *Id*.

Under both Acts, the maximum penalty that can be awarded is the greater of the gross amount of pecuniary gain to a defendant as a result of the violations or the amount set by statute. *Id.* The maximum statutory penalty amounts per violation in effect during the relevant time are as follows:

| Penalty Tier | For Natural Person | For Any Other Person |
| --- | --- | --- |
| First Tier, for any violation | $7,500 | $80,000 |
| Second Tier, for fraud | $80,000 | $400,000 |
| Third Tier, for fraud involving substantial losses or risk of losses to others or gains to self | $160,000 | $775,000 |

*See* 17 C.F.R. § 201.1001, Table 1.3.

The following five factors are often considered by courts in determining whether such a penalty should be imposed: (1) the egregiousness of the defendant's conduct; (2) the degree of scienter; (3) whether the conduct created substantial losses or the risk of substantial losses to other persons; (4) whether the conduct was isolated or recurrent; and (5) the cooperation of the defendant with law enforcement authorities. *SEC v. Amerifirst Funding*, Inc., No. 3:07-CV-1188-D, 2008 WL 1959843, *7 (N.D. Tex. May 5, 2008) (citing *SEC v. Opulentica*, 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007)).

The SEC contends that the court should assess a one-time third-tier penalty in the amount of $160,000 against Mr. Crumbley because he has already consented to the imposition of a civil penalty in an amount to be determined by the court, and the facts of this case and factors referenced

above warrant imposition of third-tier penalties. For support, the SEC relies on the facts alleged in its Complaint, which Mr. Crumbley agreed the court would accept as and be deemed true for purposes of the SEC's Motion.

A third-tier penalty is warranted here. Mr. Crumbley acted egregiously and participated in activities that involved fraud, deceit, and manipulation in clear disregard of federal security laws. Mr. Crumbley's scheme involved knowingly misleading investors to obtain large financial investments that he comingled and misappropriated for his personal use and benefit, and he has not come forward with information for the court's consideration regarding his current financial condition in response to the SEC's Motion. Regardless, the court could impose a civil penalty even if it determined that Mr. Crumbley was unable to pay it. *See SEC v. Allen*, No. 3:11-CV-882-O, 2012 WL 5986443, *2-3 (N.D. Tex. Nov. 28, 2012); *SEC v. Harris*, No. 3:09-CV-1809-B, 2012 WL 759885, *5 (N.D. Tex. Mar. 7, 2012) (citing *SEC v. Warren*, 574 F.3d 1368, 1370 (11th Cir. 2008)).

Moreover, Mr. Crumbley's deceptive conduct and scheme continued for several years and resulted in substantial losses to investors. Additionally, Mr. Crumbley failed to respond to the SEC's Motion or contest its request for third-tier penalties. The court, therefore, **concludes** that the maximum penalty requested by the SEC is appropriate under the circumstances and **assesses** a third-tier civil penalty against Mr. Crumbley in the amount of $160,000.

### IV. Conclusion

For the reasons explained, SEC's Motion for Remedies and for Entry of Final Judgment as to Defendant Kenneth W. Crumbley, Jr. (Doc. 87) is **granted**, *except with respect to the amount of prejudgment interest requested.* Accordingly, Mr. Crumbley **shall** pay the following amounts to the SEC, and the court will enter a final judgment against Mr. Crumbley ordering disgorgement in the amount of **$118,955.36**; prejudgment interest in the amount of **$13,035.69**; and a civil

penalty in the amount of **$160,000**. The total amount of the final judgment will be **$291,991.05**. A final judgment against Mr. Crumbley will issue by separate document as required by Federal Rule of Civil Procedure 58.

   **It is so ordered** this 11th day of May, 2022.

                                        Sam A. Lindsay
                                        United States District Judge